UFF, J.,
delivered the opinion of the court:
The court is of opinion, that as by the ordinances of the city of Wheeling, the annual license granted by *the council for ordinaries and houses of entertainment was to expire and be of no further effect on the first Monday of Maj' succeeding the date thereof, it was manifestly contemplated and intended that such license should issue and bear date on or after the first day of May in any year, and not before: and that the act of the council in entertaining the application of the defendants in error and passing the order of the 11th of April 1854, for granting them a license for an ordinary under the existing rates of taxation, must be regarded as voluntary and for convenience only, and not compulsory or binding beyond recall upon the said council; and that the said order did not confer upon the defendants in error any perfect, absolute or vested right to such license, but a right which was incomplete and inchoate only; and which would not become perfect and consummate until the actual emanation of the license, or until the time at which it might lawfully be issued and take effect, to wit, the 1st day of May 1854.
And the court is further of opinion, that as by the same sectipn of said ordinance, power was expressly reserved to the council at any time to annul a license which had actually issued under its order, a fortiori it would possess the power to rescind an order for granting such license made prior to the 1st of May in any year, at any time before the actual emanation of the license, or before the 1st day of May next after the date of such order.
.The court is therefore of opinion, that it was competent for the council prior to the 1st of May 1854 to repeal and rescind its order of the 11th of April 1854 granting a license for the year following to the defendants in error: that its right so to repeal and rescind the same was to be taken and considered as an incident to and constituting a part of said grant, and that its order to that effect, passed on the 24th of April 1854, was a valid and effectual repeal of the said order of the *llth of April 1854, and put an end to all right on the part of the defendants in error thereafter to demand that the said license should be issued to them.
And the court is further of opinion, that the right of the council to rescind the ordér of the 11th of April 1854 granting the license, was not affected or impaired by the pendency of the application to the judge of the Circuit court of Ohio county for a mandamus to compel the issuing of the license; because the right to the same under the order of the council of the 11th of April 1854 being imperfect and inchoate only, the application for the mandamus could not regularly be entertained until the time at which the license might be issued and take effect, and could not therefore, until such time, have the effect to destroy or abridge the control which the council would otherwise have over the subject, or the right to modify, amend or rescind the order as to it might seem just and proper.
And the court is further of opinion, that the council being authorized by the charter of the city of Wheeling to impose a tax upon ordinaries, &c., in addition to any state tax that might be levied upon the same, was fully authorized to make the payment of such tax a condition precedent to the right to demand the emanation of the license: and that by the ordinance of the 2d of Majr 1840 the said council have required that payment of the tax imposed by them should be made before the applicant would be entitled to demand that the license should be issued.
And the court is further of opinion, that the council having by its ordinance-of the 14th of March 1854 levied the sum of four thousand five hundred dollars as the tax to be paid for a license for an ordinary to be kept at the house of the defendants in error, and having by its order of the 11th of April 1854 granted such license to the defendants “under existing rates of taxation,” such grant must be taken to have reference *not only to the state tax imposed by law upon licenses to ordinaries, but also to such tax so levied by the council as aforesaid; and to have required payment of the latter also as the condition of the right to call for the emanation of the license.
And the court is further of opinion, that whether the tax imposed by the supplementary ordinance of the 14th of March 1854 was just, fair and reasonable, or was unequal, excessive and illegal, is a question not material to be determined in this cause; because whether the one or the other, payment of the same was required to be made by way of condition precedent to the ema *593 nation of the license; and without the performance of such condition, nothing- passed under the grant of the said license; nor could such condition be separated from the grant and disregarded, so as to render the grant absolute and unconditional: but the whole must be taken together and must be accepted or rejected in whole as it stands.
And the court is further of opinion, that if the said tax so levied by the said ordinance of the 14th of March Í8S4, was unjust, excessive and illegal, the grant of the license, on payment of such unjust, excessive and illegal tax, was in effect the exercise of the power reserved to the council by the thirty-fifth section of the charter of the 11th March 1836, to refuse the license, and for all legal purposes should be so regarded and treated; but that the exercise of the discretion conferred by said section in refusing to grant the license could not be the subject of review in the Circuit court upon mandamus or otherwise; and that to obtain such license the remedy remaining to the applicants was that given by the act of March the 4th, 1854, by a resort to the County court of Ohio county, as prescribed by said act.
And the court is further of opinion, that as the council had at least until the 1st of May 1854, full ^control over the order of the 11th of April 1854, and the right wholly to revoke and rescind the sanie, so if the tax 'imposed by the ordinance of the 14th of March 1854 were unjust, excessive and illegal, or if in point of fact no tax had been imposed on ordinaries by any ordinance of the said council, it was competent to the council to modify its grant of the 11th of April 1854, at any time before the period above indicated, by requiring payment of a valid and legal tax upon the same in lieu of that imposed by the act of the 14th of March 1854, or to supply the omission to lay a tax upon ordinaries ; and that consequently the ordinance of the 28th of April 1854 amending the previous ordinances assessing taxes for the city of Wheeling, and imposing taxes on ordinaries, was valid and operative upon all licenses to be issued on or after the 1st day of May, and applied equally to that which had been granted to the defendants by the order made before its enactment; and that without payment of the tax imposed by this ordinance at least, the said defendants, if otherwise entitled, could not demand that the license should be issued and delivered to them.
And the court is further of opinion, that the said ordinance of the 28th of April 1854 and the ground of defense which it suggests is sufficiently presented by the return made by the plaintiff in error upon the writ of mandamus nisi, and that the same properly might and should have been looked to and considered by the Circuit court in passing upon the question of a peremptory mandamus.
And the court is further of opinion, that from the materials afforded by the record in this case, it cannot undertake to say that the tax imposed by the said ordinance of the 28th of April 1854 was unjust, unequal and exorbitant, nor that the exercise of the discretion vested in the said council as to the amount of the tax to be levied on ordinaries, was undue, improper or oppressive.
*And the court is further of opinion, that there was no irregularity in awarding the mandamus nisi in the first instance without any previous rule upon the party to appear and show cause against the same.
Wherefore, and without deciding any other question raised in the cause than those upon which the opinion of the court is above declared, the court is of opinion, that the return made upon the said writ of mandamus nisi is sufficient; that the judgment of the said Circuit court is erroneous, and should be reversed, with costs to the plaintiff in error; that the motion for the peremptory mandamus should be overruled, and the mandamus nisi discharged; and that the plaintiff in error should recover his costs in the Circuit court expended.